UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM PALMER, | Civil Action No. 23-21044 (SDW-JBC) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| DOREEN STANZIONE, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about October 10, 2023, Plaintiff William Palmer, a civilly committed person under the New Jersey Sexually Violent Predators Act ("SVPA"), N.J. Stat. Ann. 30:4-27.24, housed in the Special Treatment Unit ("STU"), formerly the Administrative Segregation Unit of the East Jersey State Prison, in Avenel, New Jersey, filed a self-represented civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1), and a motion to appoint pro bono counsel (ECF No. 2). This Court granted Plaintiff's application to proceed without prepayment of the filing fee ("IFP") under 28 U.S.C. § 1915(a) and reserved the motion to appoint pro bono counsel and screening the complaint for dismissal under § 1915(e)(2)(B). (ECF No. 4).

2. Because Plaintiff has IFP status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

      3. In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

      4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

5. The defendants to the complaint, in their individual and official capacities, are Dr. Doreen Stanzione, Shantay Brame Adams, Jacklyn Otino, Sergeant Grosskoph,[1] Robert Cheterkin, J. Crothers, Crystal Raupp, Sergeant Socolof, Sergeant Loney, Officer Marti, and 100 John and Jane Doe Defendants. The correction officer defendants allegedly damaged or confiscated Plaintiff's property in the course of conducting harassing and retaliatory searches of Plaintiff's cell on multiple occasions in 2022, and performed strip searches and a urine screen on Plaintiff on March 2, 2022 and/or July 2, 2022. Plaintiff also named as defendants the administrators of the STU, employed by the New Jersey Department of Corrections ("DOC"), Department of Health ("DOH"), and Department of Human Services ("DHS"), based on the policy and practice of retaliatory, harassing cell searches, damaging or confiscating property, and lockdowns that interfered with Plaintiff's treatment. (ECF No. 1 at 7-16).

Plaintiff alleges the following conditions in the STU violate his constitutional rights. The facility was designed to house prisoners. Meals are identical to those provided to prisoners. Group therapy sessions have been cancelled by DOC officers over the objection of treatment providers. Plaintiff and other residents are placed in handcuffs and leg shackles for Court and medical trips, and when taken to a drug/metal detector chair. Plaintiff and others are routinely verbally threatened with physical harm by DOC officers, in retaliation for filing complaints to DOH and DHS. DOH and DHS administrators and staff routinely ignore or condone DOC staff's cancellation or interference with treatment. Sergeant Grosskoph denied Plaintiff access to medical treatment for a diagnosed physical condition. Unidentified staff failed to schedule Plaintiff for

---

[1] Plaintiff alternatively spelled the defendant's name "Grosskoph" and "Grosskauph." The Court will use "Grosskoph," until the correct spelling is identified.

evaluation of anxiety and depression. Plaintiff seeks declaratory and injunctive relief, and compensatory and punitive damages against Defendants in their individual capacities.

6. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

7. All identified defendants are state employees. Therefore, the color of state law element of the § 1983 claims is met, and the next step is to identify the elements of the constitutional right at issue. For the allegedly retaliatory cell searches, the elements of a First Amendment retaliation claim are: (1) plaintiff engaged in constitutionally protected conduct, (2) defendant engaged in retaliatory action sufficient to deter a person of ordinary firmness from exercising her constitutional rights, and (3) there was a causal link between the constitutionally protected conduct and the retaliatory action. *Conard v. Pennsylvania State Police,* 902 F.3d 178, 183–84 (3d Cir. 2018) (internal quotation marks and quotation omitted).

> A plaintiff sufficiently pleads her case with respect to causation if she pleads that her "constitutionally protected conduct was a substantial or motivating factor" for the retaliatory conduct. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). While "unusually suggestive" timing can provide evidence of causation, causation also can be shown "from the evidence gleaned from the record as a whole." *Id.* at 424. [The plaintiff] can attempt to show retaliation through a "pattern of antagonism" in addition to the timing of events. *Id.* at 422.

*Id.* at 184 (alteration added).

8. Plaintiff alleges the correction officer defendants (including John Does) engaged in a pattern of harassing cell searches, where they "tossed" his cell and damaged his property in retaliation because he filed grievances. Plaintiff has not sufficiently alleged a connection between

the searches with grievances he filed, nor does the complaint contain factual allegations that raise the possibility of a retaliatory motive for the searches beyond a speculative level. Most of the searches were allegedly performed on all cells in the housing unit, not targeted solely at Plaintiff. Therefore, this Court will dismiss Plaintiff's First Amendment retaliation claims involving cell searches without prejudice.

Plaintiff further alleges that the correction officer defendants (including John Does) regularly threaten him with lock-up or physical harm when he complains. "[V]erbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983…." *Anderson v. DaCosta*, No. CIV.A. 10-5835 PGS, 2011 WL 2223713, at *21 (D.N.J. June 1, 2011) (collecting cases). "However, words accompanied by physically intrusive behavior may amount to constitutional violation." *Begnoche v. DeRose*, 676 F. App'x 117, 122 (3d Cir. 2017) (unpublished). Plaintiff has not alleged any specific incident where a defendant responded to his exercise of a constitutional right by threatening him with physical harm, accompanied by some physically intrusive behavior that suggested the threat was more than just words. Therefore, this Court will dismiss Plaintiff's First Amendment retaliation claims involving verbal abuse and threats without prejudice.

9. Plaintiff alleges the destructive searches of his cell violated the Fourth Amendment ban on unreasonable searches and seizures. The basic purpose of the Fourth Amendment "'is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials.'" *Carpenter v. United States*, 138 S. Ct. 2206, 2213 (2018) (quoting *Camara v. Municipal Court of City and County of San Francisco*, 387 U.S. 523, 528 (1967)). The first question in analyzing such a claim is whether there was a search for Fourth Amendment purposes. When an individual "seeks to preserve something as private," and his expectation of privacy is

"one that society is prepared to recognize as reasonable," … "official intrusion into that private sphere generally qualifies as a search." *Id.* (quoting *Smith v. Maryland*, 442 U.S., 735, 740 (1979) (internal quotation marks and alterations omitted)).

10. To determine the reasonable expectation of privacy that society is willing to recognize for those civilly committed under the SVPA, this Court begins by considering the purpose of the statute. The New Jersey Legislature stated the SVPA is intended "to modify the involuntary civil commitment process in recognition of the need for commitment of those sexually violent predators who pose a danger to others should they be returned to society." *In re Commitment of J.M.B.*, 197 N.J. 563, 571, 964 A.2d 752, 757 (2009) (quoting N.J.S.A. 30:4–27.25(c)). To qualify as a sexually violent predator under the SVPA, an individual must have committed a sexually violent offense, and have a mental abnormality or personality disorder that makes it highly unlikely the person can control his/her behavior, and thus, is likely to reoffend. *Matter of Civ. Commitment of A.Y.*, 458 N.J. Super. 147, 154, 203 A.3d 924, 928 (App. Div. 2019) (quoting *In re Civil Commitment of R.F.*, 217 N.J. 152, 173, 85 A.3d 979 (2014)). Based on the purpose of involuntary commitment, this Court concludes that society is not prepared to recognize that persons civilly committed under the SVPA have a reasonable expectation of privacy in their cells, because contraband might be hidden and pose a danger to others in the facility, or other materials may be hidden, which might be used for inappropriate communication with the public of a sexual or threatening nature. Accord, *Fletcher v. Yates*, No. CV 15-206 (ES), 2016 WL 6776281, at *3 (D.N.J. Nov. 15, 2016) (citing *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *see also Deavers v. Santiago*, 243 F. App'x 719, 721 (3d Cir. 2007)). Therefore, Plaintiff's Fourth Amendment claims of unreasonable cell searches will be dismissed with prejudice.

11. Plaintiff further alleges the strip searches and urine test(s) performed on him on March 2, 2022 and/or July 2, 2022, were unreasonable in violation of the Fourth Amendment.  "Society recognizes involuntarily committed patients and SVPs, like pretrial detainees, are entitled to some protection under the Fourth Amendment, but they do not have an expectation of privacy equal to an individual in society generally."  *Graham v. Main*, No. CIV.A. 10-5027 SRC, 2011 WL 2412998, at *11 (D.N.J. June 9, 2011) (collecting cases).  "[B]ecause SVPs have been civilly committed subsequent to criminal convictions and have been adjudged to pose a danger to the health and safety of others, they are subject to '[l]egitimate, non-punitive government interests' such as 'maintaining [] security, and effective management of [the] [] facility.'" *Id.* at 12 (quoting *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004)).  Although Plaintiff alleges no contraband was ever found on him, Plaintiff has not alleged there was no legitimate security reason to search his body or his urine for contraband.  This Court will deny with prejudice Plaintiff's Fourth Amendment claims involving strip searches and urine tests.

12. This Court construes the complaint as alleging a due process claim for damage to Plaintiff's property.  "[T]he Due Process Clause is [] not implicated by a negligent act of an official causing unintended loss of … property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Assuming, however, that Plaintiff is alleging his property was intentionally damaged or otherwise lost during a cell search, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson* 468 U.S. at 533).  Plaintiff has not alleged that there is no meaningful postdeprivation remedy available to him.  Therefore, this Court will dismiss without prejudice Plaintiff's Fourteenth Amendment deprivation of property claims.

13. Plaintiff next alleges that Sergeant Grosskoph denied him access to medical care for his diagnosed condition of lumbar degeneration, and that Sergeant Grosskoph locked Plaintiff in his cell as punishment for seeking treatment from the medical department. This Fourteenth Amendment substantive due process claim may proceed. Plaintiff's claim that he requested a psychiatric evaluation for anxiety and depression, but he has not yet been scheduled for an evaluation, is too vague to state a substantive due process claim for deliberate indifference to a serious medical need. This claim will be dismissed without prejudice.

14. Finally, Plaintiff alleges the following conditions of confinement[2] violate his substantive liberty interests: 1) the facility is designed for prisoners; 2) he is served the same meals as prisoners; 3) group therapy sessions have been cancelled by DOC officers over the objection of treatment providers; 4) Plaintiff is placed in handcuffs and leg shackles for Court and medical trips, and when taken to a drug/metal detector chair; 5) DOH and DHS administrators and staff routinely ignore or condone DOC staff's cancellation or interference with treatment, particularly with respect to lockdowns for searches.

15. Civilly committed persons have a liberty interest in conditions of reasonable care and safety, and reasonably nonrestrictive confinement conditions. *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). A person who is civilly committed under the New Jersey SVPA also has a liberty interest in treatment. *Tinsley v. Main*, No. 20-2846, 2021 WL 2853152, at *2 (3d Cir. July 8, 2021) (citing *Leamer v. Fauver*, 288 F.3d 532, 545 (3d Cir. 2002)). These "conditions-of-confinement"

---

[2] The "more specific provision rule[,]" requires that constitutional claims governed by a specific constitutional provision—for example, a Fourth Amendment unreasonable search claim—must be analyzed under the more specific provision, rather than as a substantive due process claim. *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997)). Therefore, this Court excludes from the substantive due process analysis Plaintiff's claims of retaliation, unreasonable search and seizure, and deprivation of property.

claims are "analyzed under the Due Process Clause…." *Tinsley*, 2021 WL 2853152, at *2 (3d Cir. (quoting *Youngberg*, 457 U.S. at 325; *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013)). Such rights "must be balanced against the reasons put forth by the State for restricting liberties." *Graves v. New Jersey*, No. CV 16-1822 (MCA), 2018 WL 6514943, at *5 (D.N.J. Dec. 11, 2018) (quoting *Youngberg*, 457 U.S. at 307, 321). Therefore, "[i]n determining whether the State has met its obligations in these respects, decisions made by the appropriate professional are entitled to a presumption of correctness … to enable institutions of this type … to continue to function." *Id.* Courts must ask whether the defendants acted with deliberative indifference "in a manner that shocks the conscience." *Tinsley*, 2021 WL 2853152, at *2 (quoting *Leamer*, 288 F.3d at 545).

Temporary cancellation of treatment during lockdowns, for the purpose of searching cells for security of the facility, does not shock the conscience. The use of a former prison facility for housing those civilly committed under the SVPA does not shock the conscience, nor does serving the same meals that are served to prisoners. Using handcuffs and legs shackles when Plaintiff is taken on trips outside the facility, or when he is taken to the "drug/metal detector chair," are administrative security decisions that are entitled to a presumption of correctness, which Plaintiff has not overcome with allegations that are sufficiently egregious to shock the conscience. Therefore, this Court will dismiss Plaintiff's Fourteenth Amendment substantive due process claims without prejudice.

16. Plaintiff has demonstrated sufficient ability to represent himself at the early stage of this litigation. This Court will deny Plaintiff's motion for appointment of pro bono counsel without prejudice. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993) ("The plaintiff's ability to present his or her case is, of course, a significant factor that must be considered in determining whether to

appoint counsel.")  If circumstances change, Plaintiff may renew his motion for appointment of pro bono counsel.

17.  In conclusion, this Court will grant Plaintiff's IFP application, proceed his Fourteenth Amendment medical care claim against Sergeant Grosskoph, dismiss the Fourth Amendment cell search claims against all Defendants with prejudice; and dismiss the remainder of the claims in the complaint without prejudice, for failure to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated:     January 17    , 2024

                                                                                    Hon. Susan D. Wigenton,
                                                                                    United States District Judge